JOON H. KIM
Acting United States Attorney for the
Southern District of New York
SARAH S. NORMAND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:   (212) 637-2709
Sarah.Normand@usdoj.gov

CHAD A. READLER
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
BRAD P. ROSENBERG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 514-5302/3374
Elizabeth.Shapiro@usdoj.gov
Brad.Rosenberg@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
............................................................................x
KATE DOYLE, NATIONAL SECURITY
ARCHIVE, CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON, KNIGHT
FIRST AMENDMENT INSTITUTE AT                            17 Civ. 2542 (KPF)
COLUMBIA UNIVERSITY,

                Plaintiffs,                                                          **ANSWER**

         v.                                                                               **ECF CASE**

U.S. DEPARTMENT OF HOMELAND
SECURITY,

                Defendant.
............................................................................x

       Defendant the U.S. Department of Homeland Security ("DHS"), by its attorneys, answers

1

the complaint upon information and belief as follows:

1. The allegations in paragraph 1 constitute a characterization of this action, to which no response is required. To the extent a response is required, DHS denies the allegations in paragraph 1, except admits that the Secret Service is a component of DHS.

2. The allegations in paragraph 2 constitute a characterization of the relief sought by Plaintiffs, to which no response is required. To the extent a response is required, DHS denies that Plaintiffs are entitled to any relief.

3. The allegations in paragraph 3 constitute legal conclusions as to jurisdiction and venue, to which no response is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Admits the allegations in the first sentence of paragraph 8. Denies the allegations in the second sentence of paragraph 8.

9. The allegations in paragraph 9 constitute a characterization of a statement by then-President Obama in September 2009, to which no response is required. The Court is respectfully referred to the referenced statement for a complete and accurate statement of its

contents.

10. The allegations in paragraph 10 constitute a characterization of the former White House Voluntary Disclosure Policy for Visitor Access Records, to which no response is required. The Court is respectfully referred to the former voluntary disclosure policy for a true and accurate statement of its contents. To the extent a response is required, DHS denies that visitor logs released by the White House identified the names of persons visited.

11. The allegations in the first sentence of paragraph 11 constitute a characterization of a statement by then-President Obama, to which no response is required. The Court is respectfully referred to the referenced statement for a complete and accurate statement of its contents. DHS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 11.

12. The allegations in paragraph 12 purport to characterize the basis for President Obama's decision to institute the former White House Voluntary Disclosure for Policy Visitor Access Records, to which no response is required. The Court is respectfully referred to the former voluntary disclosure policy, and President Obama's statement concerning that policy, for a complete and accurate statement of their contents. To the extent a response is required, DHS denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. Denies the allegations in the first sentence of paragraph 14. The allegations in the second sentence of paragraph 14 characterize the contents of two letters dated March 6, 2017, to which no response is required. The Court is respectfully referred to the referenced letters for a true and accurate statement of their contents.

15. The allegations in paragraph 15 characterize the contents of a letter dated March 6, 2017, to which no response is required. The Court is respectfully referred to the referenced letter for a true and accurate statement of its contents.

16. The allegations in paragraph 16 characterize the contents of a letter dated March 6, 2017, to which no response is required. The Court is respectfully referred to the referenced letter for a true and accurate statement of its contents.

17. The allegations in paragraph 17 characterize the contents of two letters dated March 6, 2017, to which no response is required. The Court is respectfully referred to the referenced letters for a true and accurate statement of their contents.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, except to admit that Deputy Director Callahan has not yet responded to the referenced letters.

19. Denies the allegations in paragraph 19 of the complaint, and avers that the Secret Service has no record of receiving the referenced FOIA request.

20. Denies the allegations in paragraph 20 of the complaint, and avers that the Secret Service has no record of receiving the referenced administrative appeal.

21. In response to the allegations in paragraph 21, DHS avers that the Secret Service has no record of receiving the referenced FOIA request or administrative appeal, and accordingly admits that the Secret Service has not responded to either.

22. In response to the allegations in the first sentence of paragraph 22, DHS avers that the Secret Service has no record of receiving the referenced FOIA request or administrative appeal, and accordingly admits that the Secret Service has not provided a determination of the FOIA request. The allegations in the second sentence of paragraph 22 constitute a legal conclusion, to which no response is required.

23. The allegations in paragraph 23 of the complaint constitute a legal conclusion, to which no response is required. To the extent a response is required, DHS denies the allegations in paragraph 23.

24. Admits that the Secret Service received a FOIA request from Plaintiffs on March 10, 2017, and respectfully refers the Court to the March 10, 2017 FOIA request for a complete and accurate statement of its contents.

25. The allegations in paragraph 25 constitute a characterization of the request for expedited treatment of the March 10, 2017 FOIA request, to which no response is required. The Court is respectfully referred to the March 10, 2017 FOIA request for a complete and accurate statement of its contents.

26. Denies the allegations in paragraph 26 of the complaint, and avers that by letter dated April 11, 2017, the Secret Service acknowledged receipt of the March 10, 2017 FOIA request and denied the request for expedited treatment of the FOIA request.

27. Denies the allegations in paragraph 27 of the complaint.

28. Denies the allegations in paragraph 28 of the complaint.

29. Denies the allegations in paragraph 29 of the complaint.

30. The allegations in paragraph 30 of the complaint constitute a legal conclusion, to which no response is required. To the extent a response is required, DHS denies the allegations in paragraph 30.

31. DHS repeats and reasserts its answers to paragraphs 1-30.

32. Denies the allegations in paragraph 32 of the complaint.

33. Denies the allegations in paragraph 33 of the complaint.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

36. DHS repeats and reasserts its answers to paragraphs 1-36.

37. Denies the allegations in paragraph 37 of the complaint.

38. Denies the allegations in paragraph 38 of the complaint.

39. Denies the allegations in paragraph 39 of the complaint.

40. Denies the allegations in paragraph 40 of the complaint.

The remainder of the complaint contains a request for relief, to which no response is required. To the extent a response is required, DHS denies the allegations contained in the remainder of the complaint and states that Plaintiffs are not entitled to the requested relief or any relief.

Defendant denies all allegations in Plaintiffs' complaint not expressly admitted or denied.

## DEFENSES

### FIRST DEFENSE

Some or all of the requested records are not agency records subject to FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

### SECOND DEFENSE

Some or all of the requested records are exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

### THIRD DEFENSE

DHS has no record of receiving the January 23, 2017 FOIA request, and thus Plaintiffs Kate Doyle and National Security Archive did not exhaust administrative remedies with regard to that FOIA request prior to filing suit.

### FOURTH DEFENSE

Plaintiffs' March 10, 2017 FOIA request does not reasonably describe all records sought, and therefore does not comply with FOIA and/or trigger a search or production obligation.

### FIFTH DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SIXTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' request for relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

WHEREFORE, Defendant DHS is entitled to judgment dismissing Plaintiffs' complaint with prejudice and granting such further relief as the Court deems just, including costs and disbursements.

Dated:   May 22, 2017

|  |  |
|---|---|
| CHAD A. READLER<br>Acting Assistant Attorney General | JOON H. KIM<br>Acting United State Attorney for<br>Southern District of New York |
| By:   /s/ Brad P. Rosenberg<br>ELIZABETH J. SHAPIRO<br>BRAD P. ROSENBERG<br>20 Massachusetts Ave., N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 514-5302/3374<br>Facsimile: (202) 616-8470<br>Elizabeth.Shapiro@usdoj.gov<br>Brad.Rosenberg@usdoj.gov | By:   /s/ Sarah S. Normand<br>SARAH S. NORMAND<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Telephone:   (212) 637-2709<br>Facsimile:   (212) 637-2730<br>Sarah.Normand@usdoj.gov |