

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

July 6, 2017

**BY ECF**
The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

        Re:    *Doyle et al. v. U.S. Department of Homeland Security*,
               No. 17 Civ. 2542 (KPF)

Dear Judge Failla:

      We write respectfully on behalf of all parties in the above-referenced action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in advance of the initial pretrial conference scheduled for 4:00 p.m. on July 14, 2017.

      Because this is an action brought pursuant to FOIA, we understand Local Civil Rule 16.1 to exempt the parties from the requirement of a mandatory scheduling order under Federal Rule of Civil Procedure 16(b). Moreover, the parties respectfully suggest that the traditional case management structure set forth in the Court's template Civil Case Management Plan and Scheduling Order is not necessary at this time because it may well be possible to resolve this case without discovery, as discussed below.[1]

      The parties provide this joint letter in accordance with the Court's Order dated April 17, 2017. The numbered paragraphs below correspond to the numbered requests for information in the Court's Order.

---

[1] The Court's Civil Case Management Plan and Scheduling Order asks whether the parties consent to conducting all further proceedings before a United States Magistrate Judge. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge. The parties propose an August 31, 2017, deadline for amended pleadings.

1. **A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion.**

Plaintiffs' Statement of Nature of Action:

Plaintiffs bring this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act challenging the failure of Defendant U.S. Department of Homeland Security ("DHS") to disclose to Plaintiffs upon request records of visits to the White House and to President Donald Trump at his Mar-a-Lago and Trump Tower residences that the Secret Service, a component of DHS, maintains. Plaintiffs are Kate Doyle, a senior analyst with the National Security Archive, the National Security Archive, Citizens for Responsibility and Ethics in Washington ("CREW"), and the Knight First Amendment Institute at Columbia University.

Plaintiffs contend that whether the requested Worker and Visitor Entrance System (WAVES) and Access Control Records system (ACR) records are agency records of the DHS is a mixed question of fact and law. Plaintiffs cannot ascertain whether this issue can be resolved without discovery until the Defendant, which bears the burden of proof, presents facts in support of its legal claims.

As to the remaining portions of Plaintiffs' requests, which seek records of presidential visits at Mar-a-Lago and Trump Tower, Plaintiffs will be able to determine if there is any dispute over the adequacy of the Defendant's searches and any claims of exemption once the Defendant has fully responded.

Defendant's Statement of Defenses:

Defendant contends that the WAVES and ACR records sought by Plaintiffs are not "agency records" subject to FOIA, 552 U.S.C. § 552(a)(4)(B), as the U.S. Court of Appeals for the District of Columbia Circuit held in *Judicial Watch, Inc. v. U.S. Secret Service*, 726 F.3d 208, 211-32 (D.C. Cir. 2013). Defendant believes this issue is properly resolved on summary judgment based upon declarations submitted by the agency, as it was in *Judicial Watch*, and consistent with the law in this Circuit, *see, e.g.*, *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

With regard to the other records sought by Plaintiffs in their March 10, 2017 FOIA request—"records of presidential visitors at Mar-a-Lago and Trump Tower from January 20, 2017 to March 8, 2017"—the Secret Service is in the process of searching for and processing responsive records.[2]  Defendant has asserted as a defense that the FOIA request does not reasonably describe all records sought, and is conferring with Plaintiffs to clarify and narrow the scope of this aspect of the FOIA request. Some or all of the

---

[2] As Defendant has advised Plaintiffs, President Trump did not go to Trump Tower during the identified time period, and thus there are no responsive records relating to Trump Tower.

responsive records may be exempt from disclosure, in whole or in part, pursuant to one or more of FOIA's exemptions. *See* 5 U.S.C. § 552(b).

Defendant disputes that the Declaratory Judgment Act applies, as FOIA provides the exclusive remedy in this case. *See, e.g.*, *Isiwele v. U.S. DHS*, 85 F. Supp. 3d 337, 352 (D.D.C. 2015).

Statement of Issues:

The parties agree the central legal and factual issue to be resolved is whether the WAVES and ACR records of visits to the White House are "agency records" of the DHS subject to FOIA. To the extent Plaintiffs challenge Defendant's response to their request for records of "presidential visitors" at Mar-a-Lago, the Court may also be asked to resolve issues regarding whether the Secret Service conducted a reasonable search for responsive records, and whether any responsive records are exempt from disclosure under one or more of FOIA's exemptions.

2. **A brief explanation of why jurisdiction and venue lie in this Court**.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under FOIA, a federal statute. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) because one of the Plaintiffs, the Knight First Amendment Institute at Columbia University, has its principal place of business in this District.

CREW is a non-profit 501(c)(3) corporation incorporated in Delaware with its principal place of business in Washington, D.C. The Knight First Amendment Institute at Columbia University is a not-for-profit corporation incorporated in New York, with its principal place of business in New York, New York. The National Security Archive is a non-profit research institute incorporated in Washington, D.C., with its principal place of business also in Washington, D.C.

3. **A statement of all existing deadlines, due dates, and/or cut-off dates.**

There are no existing litigation deadlines.

4. **A brief description of any outstanding motions.**

None.

5. **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has taken place, and Plaintiffs do not seek discovery at this time. FOIA cases are typically resolved on the basis of agency affidavits submitted on summary judgment. *See Carney*, 19 F.3d at 812. Defendant contends that this case, like most FOIA cases, will be resolved on cross-motions for summary judgment without any need for discovery. Plaintiffs at this time are unable to state whether they will seek

discovery in this matter, and they reserve the right to do so after reviewing Defendant's motion for summary judgment.

**6. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

At this time, the parties do not anticipate that they will be able to settle the case, and they do not request a settlement conference. However, the parties will attempt to resolve as many issues as possible without the Court's intervention. The parties are in the process of conferring regarding the scope of Plaintiffs' request for "records of presidential visitors at Mar-a-Lago."

**7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

The parties have conferred and respectfully propose the following schedule for resolution of this case:

The Secret Service will complete its search for and processing of responsive "records of presidential visitors at Mar-a-Lago," and produce any non-exempt responsive records, by September 8, 2017;

Defendant will file a motion for summary judgment by September 29, 2017;

Plaintiffs will file their opposition (which may include an affidavit or declaration pursuant to Federal Rule of Civil Procedure 56(d)) and any cross-motion for summary judgment by November 13, 2017;

Defendant will file its reply and opposition to any cross-motion by December 13, 2017; and

Plaintiffs will file a reply in support of any cross-motion by January 12, 2017.

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| CHAD A. READLER | JOON H. KIM |
| Acting Assistant Attorney General | Acting United State Attorney for Southern District of New York |

By:  /s/ *Brad P. Rosenberg*  
ELIZABETH J. SHAPIRO  
BRAD P. ROSENBERG  
20 Massachusetts Ave., N.W.  
Washington, D.C. 20530  
Telephone: (202) 514-5302/3374  
Facsimile: (202) 616-8470  
Elizabeth.Shapiro@usdoj.gov  
Brad.Rosenberg@usdoj.gov  

By:  /s/ *Sarah S. Normand*  
SARAH S. NORMAND  
86 Chambers Street, Third Floor  
New York, New York 10007  
Telephone: (212) 637-2709  
Facsimile: (212) 637-2730  
Sarah.Normand@usdoj.gov  

*Attorneys for Defendant*

BY:  /s/ *Anne L. Weismann*  
Anne L. Weismann  
(D.C. Bar No. 298190)  
Citizens for Responsibility and Ethics  
   in Washington  
455 Massachusetts Ave., N.W., Sixth Floor  
Washington, D.C. 20001  
Telephone: (202) 408-5565  
Facsimile: (202) 588-5020  
aweismann@citizensforethics.org  

Alex Abdo (AA-0527)  
Jameel Jaffer (JJ-4653)  
Knight First Amendment Institute at  
         Columbia University  
314 Low Library  
535 West 116th Street  
New York, NY 10027  
Telephone: (212) 854-9600  
alex.abdo@knightcolumbia.org  

*Attorneys for Plaintiffs*