UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATE DOYLE, et al.           ) | |
|          ) | |
|    Plaintiffs,          ) | |
|          ) | |
|    v.          ) | Civil No. 17-2542 (KPF) |
|          ) | |
| U.S. DEPARTMENT OF HOMELAND     ) | |
| SECURITY,          ) | |
|          ) | |
|    Defendant.          ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**Preliminary Statement**

In a recently filed lawsuit designated by the plaintiff as related to this case, *Public Citizen, Inc. v. U.S. Secret Service*, No. 17-1669 (CRC) (D.D.C.), the government disclosed publicly for the first time the existence and contents of a 2015 Memorandum of Understanding "(MOU") designating the Executive Office of the President ("EOP") as "the business owner" of the system used to create White House visitor records, and declaring those records to be "under the exclusive ownership, control, and custody of the President, Vice President, or originating EOP component."[1]  This revelation has clear implications for the instant lawsuit.  As the Court knows, the Freedom of Information Act ("FOIA") requests underlying this suit seek records of visitors to the White House, including both records of visitors to the president and, like the *Public Citizen* lawsuit, records of visits to agency components of the EOP.  While the government claims that records of visitors to the president are not subject to the FOIA, there can

---

[1] Declaration of Robert P. Buster, Assistant Director, Office of Protective Operations United States Secret Service, Aug. 25, 2017, ¶ ¶ 16, 17 (attached as Exhibit A).

be no legitimate dispute that records of visits to the agency components of the EOP are agency records subject to the FOIA. Nevertheless, through the vehicle of an MOU the government has attempted to place them beyond the FOIA's reach.

Plaintiffs therefore ask this Court to exercise its discretion and permit plaintiffs to amend their complaint to add claims arising from the 2015 MOU. Specifically, plaintiffs seek to add the EOP as a defendant and claims under the Administrative Procedure Act ("APA"),[2] the Federal Records Act ("FRA"),[3] and the Presidential Record Act ("PRA"),[4] challenging the failure of the U.S. Department of Homeland Security ("DHS") and the EOP to manage these records as agency records under the FRA. Plaintiffs are seeking the amendment, which is based largely on the 2015 MOU, at the earliest opportunity and the government will not suffer undue prejudice. Under these circumstances, amending the complaint represents the most effective, efficient, and fair way to address the claims arising out of the MOU.

## STATEMENT OF FACTS

Plaintiffs filed their complaint in this action on April 10, 2017, and perfected service on April 21, 2017. *See* Dkt. 12 and 12-1. Plaintiffs challenge the failure of the Secret Service, a component of defendant DHS, to disclose records of visits to the White House complex for two specified time periods and records of visits to President Donald Trump at his Mar-a-Lago and Trump Tower residences.

On May 22, 2017, defendant filed its answer (Dkt. 21), and included as a first defense that "some or all of the requested records are not agency records subject to FOIA. *See* 5 U.S.C. §

---

[2] 5 U.S.C. § 706.
[3] 44 U.S.C. §§ 2101, *et seq.*, 3010 *et seq.*, and 3301 *et seq.*
[4] 44 U.S.C. §§ 2201 *et seq.*

552(a)(4)(B)." DHS did not identify further which of the requested records it considered to not be agency records.

Following an Initial Pretrial Conference on July 14, 2017, the Court entered an order adopting the parties' proposed schedule for document production and motions (Dkt. 23). Under that schedule, the Secret Service is to produce all non-exempt responsive records of presidential visitors at Mar-a-Lago by September 8, 2017, and the parties' briefing on the remaining issues is to be completed by January 12, 2018.

On August 17, 2017, Public Citizen, Inc. filed a complaint against the United States Secret Service, Civil Action No. 17-1669 (D.D.C.), challenging the failure of the Secret Service under the FOIA to produce records of visits to four EOP agencies: the Office of Management Budget ("OMB"), the Office of Science and Technology Policy ("OSTP"), the Office of National Drug Control Policy ("ONDCP"), and the Council on Environmental Quality ("CEQ"). Public Citizen identified its case as related to this lawsuit.[5] With its complaint, Public Citizen also filed a motion for a temporary restraining order and preliminary injunction to require the Secret Service to maintain copies of the records at issue in that case pending resolution of the litigation. Public Citizen's motion is based on the administrative response of the Secret Service to its FOIA requests asserting that the requested records are presidential and governed by the PRA, not agency records subject to the FOIA, and that in any event the Secret Service has not maintained the requested records, but instead has transferred them – and continues to transfer them – to the White House Office of Records Management ("WHORM"), a non-agency component of the EOP.

---

[5] A copy of Public Citizen's Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court is attached as Exhibit B.

In its opposition to the motion for a temporary restraining order the Secret Service relies in part on a 2015 Memorandum of Understanding ("MOU") that, on information and belief, has never before been made public. That MOU states in relevant part: "[a]ll records created, stored, used, or transmitted by, on, or through the unclassified information systems and information resources provided to the President, Vice President, and EOP shall remain under the exclusive ownership, control, and custody of the President, Vice President, or originating EOP component."[6] The Secret Service has interpreted this provision as applying to all of the records at issue in the *Public Citizen* lawsuit.

On August 18, 2017, plaintiffs' counsel in this lawsuit wrote to counsel for the defendant seeking written assurances in light of the *Public Citizen* lawsuit that the Secret Service has retained custody and control of at least copies of the requested visitor records pending the outcome of this litigation. Plaintiffs also asked if the Secret Service takes the position here that records of visits to agency components of the EOP are not subject to the FOIA and, if so, whether the Secret Service has retained custody and control of those records specifically.[7]

By letter dated August 24, 2017, counsel for DHS advised plaintiffs' counsel that the Secret Service has transferred all requested WAVES and ACR records to the WHORM and deleted them from the Secret Service's system. DHS counsel also advised that these records will be preserved during the pendency of the litigation and made available for processing and production if determined to be subject to the FOIA.[8] Counsel's letter also stated the requested WAVES and ACR records "are not agency records subject to the Freedom of Information

---

[6] A copy of this MOU is attached as Exhibit C.
[7] A copy of this letter is attached as Exhibit D.
[8] A copy of this letter is attached as Exhibit E.

Act," noting in part the FOIA request "made no mention of visitors to entities or persons other than the President[.]" Of course, what government counsel failed to mention was the fact that, as drafted, plaintiffs' FOIA requests encompass all WAVES and ACR records for the specified time period.

## ARGUMENT

Absent the consent of the opposing party, Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend its pleading "when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant amendment is within the discretion of the district court, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), and courts are to exercise that discretion freely, particularly in the absence of such factors as "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party . . . futility of amendment, etc." *Foman*, 371 U.S. at 182. Allowing plaintiffs here to amend their complaint would serve justice, promote judicial efficiency, and cause no undue prejudice to the government. Nor is there any undue delay, bad faith, or dilatory motive by the plaintiffs.

Prior to the revelation of the 2015 MOU, plaintiffs had no reason to believe EOP and DHS would treat records of visits to agency components of the EOP as presidential records. The U.S. Secret Service litigated that issue in *Judicial Watch v. U.S. Secret Service*, 726 F.3d 208 (D.C. Cir. 2013), and lost; the D.C. Circuit expressly concluded EOP offices like OMB and CEQ are agencies under the FOIA and "their records are 'agency records' subject to disclosure." *Id.* at 232 (citations omitted). Nevertheless, two years later the Secret Service entered into an MOU with the EOP that, among other things, purported to make all visitor records – even those pertaining to EOP agency component visits – under the exclusive ownership, control, and

5

custody of the President. Plaintiffs only learned of the MOU's existence and contents when the government filed its opposition to the requested preliminary injunctive relief in the *Public Citizen* lawsuit on August 22, 2017. As this timeline makes clear, plaintiffs have acted as expeditiously as possible to amend their complaint.

Further, the claims plaintiffs seek to add, along with the addition of the EOP as a defendant, are far from futile. The visitor records for the agency components of the EOP not only are subject to disclosure under the FOIA, but they are federal records that must be managed under the FRA. Yet the Secret Service has entered into an MOU with the EOP that would treat them as under the exclusive ownership, control, and custody of the President, making them presidential records subject to the records management requirements of the PRA. The D.C. Circuit warned against this form of presidential overreach in *Armstrong v. EOP*, 1 F.3d 1274, 1292 (D.C. Cir. 1993), explaining that allowing the PRA to trump the FRA would convert the PRA into "a potential presidential *carte blanche* to shield materials from the reach of the FOIA." Allowing the 2015 MOU to stand would produce that exact result here. Accordingly, plaintiffs easily meet the requirement that they present "at least colorable grounds for relief." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (quotation omitted).

For these same reasons, the requested amendment best serves the interests of justice. Although the parties have not previously highlighted for this Court the status of records pertaining to visits to agency components of the EOP, the requests at issue clearly cover those records. The March 10, 2017 request sent by all plaintiffs seeks, *inter alia*, WAVES and ACR records from January 20, 2017 until March 8, 2017, with no limitation on the EOP entities from which records are requested. Complaint, ¶ 24. The January 23, 2017 request sent by

plaintiff Kate Doyle likewise encompasses all EOP components. Complaint, ¶ 19. To be sure, the parties have focused on records of presidential visits, but the government's response to Public Citizen's FOIA requests has brought the issue of visits to agency components to the fore. Litigating their status in this lawsuit best serves the interests of justice.

Amendment also best serves the interests of judicial economy. Plaintiffs could elect to file a separate lawsuit and then move to consolidate the new suit with this one based on common issues of fact.[9] But this same result can be achieved most expeditiously by allowing plaintiffs to amend the complaint in the current lawsuit.

Finally, amendment will not unduly prejudice the government. The Secret Service already is litigating the status of visitor records pertaining to EOP agency components in the *Public Citizen* lawsuit. The claims plaintiffs seek to add here flow directly from that status and the 2015 MOU, which forms part of the Secret Service's defense. Moreover, this lawsuit is still in the early stages, with briefing yet to commence. Therefore, amendment is unlikely to result in much, if any, additional costs to the government.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant leave to file the Amended Complaint for Injunctive and Declaratory Relief enclosed as Exhibit F.

Respectfully submitted,

 */s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and Ethics
 in Washington
455 Massachusetts Ave., N.W.

---

[9] Any opposition by the government to consolidation would risk inconsistent judgments and result in more, not less, work for the government as it would be forced to defend two separate lawsuits.

7

                           Washington, D.C.  20001
                           Phone: (202) 408-5565

                           Alex Abdo (AA-0527)
                           Jameel Jaffer (JJ-4653)
                           Knight First Amendment Institute at
                           Columbia University
                           314 Low Library
                           535 West 116th Street
                           New York, NY 10027
                           Phone: (212) 854-9600
                           alex.abdo@knightcolumbia.org

Dated:  August 30, 2017                *Attorneys for Plaintiffs*