# EXHIBIT D



**U.S. Department of Justice**

**Civil Division, Federal Programs Branch**

*Via U.S. Mail:*　　　　*Via Special Delivery:*
P.O. Box 883　　　　　20 Massachusetts Ave., NW
Washington, DC  20044　　Washington, DC  20530

Brad P. Rosenberg　　　　　　　　　　　Telephone:　(202) 514-3374
Trial Attorney　　　　　　　　　　　　　E-Mail:　　brad.rosenberg@usdoj.gov

August 3, 2017

*Via electronic mail*

Anne L. Weismann, Esq.
Citizens for Responsibility and Ethics in Washington
455 Massachusetts Ave., N.W., Sixth Floor
Washington, DC  20001

Alex Abdo, Esq.
Jameel Jaffer, Esq.
Knight First Amendment Institute at Columbia University
314 Low Library
535 West 116th Street
New York, NY  10027

　　　　Re:　*Doyle, et al. v. U.S. Department of Homeland Security*,
　　　　　　　No. 17 Civ. 2542 (KPF)

Dear Anne, Alex, and Jameel:

　　　　Thank you for your letter of August 1.  We are glad that we were able to reach agreement on many of the issues surrounding the scope of plaintiffs' FOIA request.

　　　　We do, however, want to follow-up on the records relating to the Japanese Prime Minister's visit to Mar-a-Lago.  We are a little bit confused by the response in your letter, which indicates that plaintiffs continue to seek records regarding "the Prime Minister, his wife, and those individuals from Japan who accompanied the Prime Minister on his trip."  As noted in my July 26 letter, there are a large volume of records (numbering in the hundreds) relating to this particular visit.  The categories of individuals that we identified – such as government officials, van drivers, individuals carrying luggage, butlers, translators, and the like – appear to have been part of the Japanese delegation itself in that they either came from Japan with the Prime Minister or were otherwise associated either with the Japanese government (such as the Japanese ambassador) or this visit (such as members of the press).  Many of these records, which are overlapping and would be burdensome to process, do not reveal whether these individuals "accompanied the Prime Minister."  Indeed, some of these records merely reflect offhand

1

references to the visit itself, yet could arguably be considered to be "responsive" under plaintiffs' current interpretation of the scope of their request.

We have, however, identified three documents that we would propose to treat as responsive to your request for information regarding the Prime Minister's visit. Two of those documents are the President's travel schedules to Palm Beach, Florida for Friday, February 10 and Saturday, February 11 (the dates that correspond with the Prime Minister's visit). Among other things, these schedules identify who was scheduled to be traveling or meeting with the President on these dates. The third document is an email from the Department of State identifying the individuals associated with the Prime Minister's visit who will need access to Mar-a-Lago. These records would provide the information that plaintiffs are seeking regarding the Prime Minister's visit to Mar-a-Lago without requiring the Secret Service to needlessly process a large volume of records.

Please let us know if plaintiffs agree that the Secret Service's processing of these three records satisfies its obligation to identify records relating to the Japanese Prime Minister's visit.[1] We appreciate your continued efforts on this issue.

Very truly yours,

/s/ Brad P. Rosenberg

Brad P. Rosenberg

cc: Sarah Normand

---

[1] In processing these records, the Secret Service may need to refer the records to the Department of State and/or the White House. The government also reserves its rights to assert exemptions regarding these records. Nonetheless, if the parties can reach agreement on this issue, the Government is confident that it will be in a position to release any responsive, non-exempt records by the current September 8, 2017 deadline.