# EXHIBIT B

Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 454584
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005
202-408-5565

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
CITIZENS FOR RESPONSIBILITY AND           :
ETHICS IN WASHINGTON                      :
11 Dupont Circle, N.W.                    :
Washington, D.C. 20036                    :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   : Civil Action No.
                                          :
U.S. DEPARTMENT OF HOMELAND               :
SECURITY                                  :
Washington, D.C. 20528                    :
                                          :
          Defendant.                      :
_____:

**COMPLAINT FOR DECLARATORY JUDGMENT
 AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, as well as agency FOIA regulations, challenging the failure of the United States Secret Service ("Secret Service"), a component of the U.S. Department of Homeland Security ("DHS"), to fulfill the request of Plaintiff for documents relating to any visits that specified individuals

made to the White House or the residence of the Vice President between January 1, 2001, and the present.

2. This case seeks declaratory relief that Defendant is in violation of the FOIA for failing to fulfill Plaintiff's request for records and for failing to act on and grant Plaintiff's request for expedition, and injunctive relief that Defendant immediately and fully comply with Plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this district under 5 U.S.C. §552(a)(4)(B).

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously. CREW monitors closely the laws and rules applicable to government agencies.

6. CREW is harmed by DHS's failure to comply with the FOIA, because that failure

harms CREW's ability to provide full, accurate, and current information to the public. 5 U.S.C. §552(a)(6)(C).

7. Defendant DHS is an agency within the meaning of 5 U.S.C. §552(f). DHS and its component, the Secret Service, have possession and control of the requested records and are responsible for fulfilling Plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8. The FOIA, 5 U.S.C. §552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. §552(a)(6)(A)(i).

10. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. §552(a)(6)(A)(ii).

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. §552(a)(6)(B).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

13. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. §552(a)(4)(F).

14. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. §552(a)(6)(E)(i). The statute defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." Id. at §552(a)(6)(E)(v)(III).

15. Defendant DHS's regulations mirror these requirements by providing for expedition upon a showing of "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 6 CFR §5.5(d)(1)(ii). The regulations provide further that if the requester is "not a full-time member of the news media," the requester "must establish that he or she is a person whose main professional activity or occupation is information dissemination, though it need not be his or her sole occupation." 6 CFR §5.5(d)(3).

16. Agencies are required to make a determination on a request for expedition within 10 days "after the date of the request," 5 U.S.C. §552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals of such determinations. Id. at §552(a)(6)(E)(ii)(II). DHS regulations also require the Defendant to act on appeals of denials of expedition

"expeditiously." 6 CFR §5.5(d)(4).

17. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the records before the agency at the time of the determination." 5 U.S.C. §552(a)(6)(E)(iii).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

18. On February 2, 2006, Plaintiff sent a FOIA request to Defendant seeking records, regardless of format and including electronic records and information, relating to any visit that any of the following individual made to the White House or the residence of the Vice President from January 1, 2001, to the present:

> Jack Abramoff
> Michael Scanlon
> Neil Volz
> Tony Rudy
> Shawn Vassell
> Kevin Ring
> Edwin Buckham
> Patrick Pizzella

Letter from Anne L. Weismann to United States Secret Service, Freedom of Information and Privacy Acts Branch, February 2, 2006 (attached as Exhibit A).

19. CREW also requested expedition of its FOIA request pursuant to 5 U.S.C. §552(a)(6)(E)(i) and DHS regulations, 6 CFR §5.5(d). Id. As CREW explained,

> [t]here is a particular urgency in informing the public about whether the President, the Vice President, and/or their staff met with Jack Abramoff and the other individuals associated with Mr. Abramoff and to whom this FOIA request pertains. There has been endless speculation in countless media reports about what relationship Mr. Abramoff and his associates had with the White House and, specifically, the President. The public has a need to know whether and when meetings between them took place to evaluate the nature of this association and how it may have influenced the President and his

staff in the exercise of his authority.

Id. CREW also established that, "as a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the Freedom of Information Act," CREW satisfies the criteria for expedition. Id. As CREW explained, "CREW 'gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience.'" Id., American Civil Liberties Union v. U.S. Dep't of Justice, 321 F.Supp.2d 24, 30 n.5 (internal quotations omitted).

20. CREW also sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures, and the request is primarily and fundamentally for non-commercial purposes. Id.

21. To date, CREW has received no response to this request, with the exception of a letter dated March 1, 2006, in which the Secret Service acknowledged receipt of CREW's request and noted that "[a] search for files responsive to your request is being conducted." Letter from Kathy J. Lyerly, Special Agent in Charge to Anne L. Weismann, March 1, 2006 (attached as Exhibit B).

22. The statutory time for the Secret Service to respond to Plaintiff's February 2, 2006 FOIA request has run out and Plaintiff has constructively exhausted its administrative remedies with respect to its request for expedition and with the processing of CREW's FOIA request. 5 U.S.C. §552(a)(6)(C); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

## CLAIM ONE

### (Failure to Produce Records)

23. Plaintiff realleges and incorporates by reference all preceding paragraphs.

24. Plaintiff properly asked for records within the custody and control of DHS.

25. Plaintiff is entitled by law to access to the records requested under the FOIA, unless Defendant makes an explicit and justified statutory exemption claim.

26. Therefore, Defendant violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested. 5 U.S.C. §§552(a)(3)(A), 55(a)(4)(B)

## CLAIM TWO

### (Failure to Respond)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs.

28. On February 2, 2006, Plaintiff properly filed a FOIA request with DHS.

29. To date, Plaintiff has not received a substantive response from DHS, and DHS has exceeded the 20-working-day statutory time limit for such a response. 5 U.S.C. §552(a)(6)(A)(i).

30. Therefore, DHS has violated the FOIA's mandate to respond to Plaintiff's FOIA request with the statutory time period.

## CLAIM THREE

### (Failure to Expedite)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs.

32. Plaintiff has demonstrated that it is entitled to expedition of its FOIA request because

there is a compelling need for the requested information and because plaintiff is engaged primarily in disseminating information, as contemplated by DHS's regulations, 6 CFR §5.5(d).

33. Therefore, DHS violated FOIA's mandate to expedite Plaintiff's FOIA request and DHS's own regulations when it failed to act on and grant Plaintiff's request for expedition. 5 U.S.C. §552(a)(6)(E); 6 CFR §5.5(d)..

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that DHS has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request of February 2, 2006;

(2) Order DHS to respond to Plaintiff's FOIA request immediately;

(3) Declare that DHS violated the Freedom of Information Act and agency regulations when it failed to act on and grant Plaintiff's request for expedition;

(4) Order DHS to expedite immediately its processing of Plaintiff's request;

(5) Award Plaintiff reasonably attorney fees and litigation costs in this action, pursuant to 5 U.S.C. §552(a)(4)(E); and

(8) Grant such other and further relief as the Court may deem just and proper.


Respectfully submitted,


_____
Melanie Sloan
(D.C. Bar No. 434584)
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and Ethics

in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated:  May 9, 2006

9