

February 20, 2018

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

   Re: *Doyle et al. v. U.S. Department of Homeland Security, et al.*, No. 17-2542 (KPF)

Dear Judge Failla:

  Plaintiffs in the above-referenced action, Kate Doyle, National Security Archive, Citizens for Responsibility and Ethics in Washington, and Knight First Amendment Institute at Columbia University, respectfully request that the Court take judicial notice of a recent settlement reached by the Secret Service in *Public Citizen, Inc. v. U.S. Secret Service*, Civil No. 17-01669 (D.D.C.). That case involved a Freedom of Information Act request Public Citizen submitted to the Secret Service for visitor records from specified agency components of the Executive Office of the President (EOP). The Secret Service argued it was unable to distinguish records of visits to agency components from records of visits to non-agency components—an argument the Secret Service has also made in support of its motion for summary judgment in this case.[1]

  On February 13, 2018, the parties in that litigation reached a settlement agreement that acknowledged two critical facts that contradict the government's representations in *Doyle* that the WAVES records do not contain "sufficient information to determine whether they are agency records subject to FOIA."[2] First, the email addresses of individuals within the agency components of the EOP indicate the component for which they work, and second, "the Caller_Email field in the WAVES records automatically populates with the email address of the person who approved the appointment[.]"[3] From this, the Secret Service agreed to add a functionality to its system that would allow it to sort WAVES records by the requester's email address, process the records Public Citizen has requested, and post them in agency online reading rooms.[4] The Secret Service further agreed to post agency component visitor records postdating the settlement date to their online reading rooms on an ongoing basis.[5]

---

[1] Mem. of Law in Support of Defendants' Motion for Summary Judgment at 23-26 (Dkt 51); Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment at 13 (Dkt. 55).
[2] Defendants' Reply Memorandum at 14.
[3] *Public Citizen v. U.S. Secret Service*, Settlement Agreement, Feb. 13, 2017, *available at* https://www.citizen.org/sites/default/files/settlement-agreement-public-citizen-secret-service.pdf and enclosed as Exhibit A.
[4] *Id.* ¶¶ 2, 5.
[5] *Id.* ¶ 7.

Accordingly, Plaintiffs respectfully request that the Court take judicial notice of the fact that Defendant Secret Service can distinguish between records of visits to agency components from records of visits to non-agency components. Under Rule 201 of the Federal Rules of Evidence, the Court may take notice of this fact because it is not subject to reasonable dispute because it "can be accurately and readily determined" from the *Public Citizen* settlement, the "accuracy of which cannot reasonably be questioned."[6] In addition, Plaintiffs submit that the Secret Service's acknowledgement that its records of visits to EOP components can be segregated requires that Defendants' motion for summary judgment be denied with respect to records of visits to all components of the EOP that are subject to the Freedom of Information Act.

Respectfully,

/s/ *Anne L. Weismann*
Anne L. Weismann
Conor Shaw
455 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 408-5565
aweismann@citizensforethics.org

Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
Columbia University
475 Riverside Drive, Suite 302
New York, New York 10115
(646) 745-8500
alex.abdo@knightcolumbia.org

cc:  Sarah S. Normand (via electronic email)
     Elizabeth J. Shapiro (via electronic email)
     Brad P. Rosenberg (via electronic email)

Encl.

---

[6] Fed. R. Evid. 201. *See also Harris v. New York State Dep't of Health*, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) ("[T]he Court may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action."); *5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. 512, 519 (E.D.N.Y. 1996) (taking judicial notice of "a critical admission in another judicial proceeding" for the truth of the matter asserted).

2

# EXHIBIT A

*Public Citizen, Inc. v. United States Secret Service*, No. 17-cv-01669 (CRC)

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Plaintiff Public Citizen, Inc. ("Public Citizen") and Defendant United States Secret Service ("Secret Service") (collectively, "the Parties") this 13th day of February, 2018.

WHEREAS, on April 19, 2017, June 5, 2017, and July 17, 2017, Public Citizen submitted Freedom of Information Act ("FOIA") requests to Secret Service seeking records from the Workers and Visitors Entry System ("WAVES") and the Access Control Records System ("ACR"), as well as any other system used to track visitors to the White House complex. Public Citizen specifically sought records related to visits to the Office of Management and Budget ("OMB"), the Office of Science and Technology Policy ("OSTP"), the Office of National Drug Control Policy ("ONDCP"), and the Council on Environmental Quality ("CEQ") (collectively, the "FOIA Components").

WHEREAS, Secret Service denied the FOIA requests based on its contentions that it is unable to distinguish WAVES and ACR records of visits to the FOIA Components from WAVES and ACR records of visits to other components within the Executive Office of the President ("EOP"), and that it transfers all WAVES and ACR records to the White House Office of Records Management ("WHORM").

WHEREAS, Public Citizen filed suit on August 17, 2017, and an amended complaint on September 6, 2017, alleging violations of FOIA, 5 U.S.C. § 552 ("FOIA"), and the Administrative Procedure Act, 5 U.S.C. §§ 702 & 706, and seeking access to records reflecting visits to the FOIA Components.

WHEREAS, email addresses of employees of the FOIA Components indicate the FOIA Component for which the employee works.

WHEREAS, the Caller_Email field in the WAVES records automatically populates with the email address of the person who approved the appointment ("the requester").

WHEREAS, the Parties wish to avoid further litigation and to enter into this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual agreements set forth below, the Parties agree as follows:

1. The White House will add computer functionality to the existing system containing WAVES records by which it can sort WAVES records by the requester's email address in the Caller_Email field. The White House commits to effectuating the addition of this functionality forthwith, and no later than 21 days from the date of settlement.

**Responsive WAVES and ACR Records from January 20, 2017, to the Date of Settlement.**

2. Using the new functionality, the WHORM, which holds a copy of all WAVES records for the current Administration, will sort the WAVES and associated ACR records for the period from January 20, 2017, to the date of settlement, using the Caller_Email field in the WAVES records. If the email address in the Caller_Email field indicates that the requester is employed by one of the FOIA Components, the WAVES and associated ACR record will be presumed to be responsive to Public Citizen's FOIA requests. Records in which the Caller_Email field indicates that the requester is employed by one of the FOIA Components are hereinafter referred to as "Responsive Records." If the Caller_Email field in the record does not indicate that the requester is employed by one of the FOIA Components, the record will be treated as not responsive to the FOIA requests. No other records will be considered responsive to Public Citizen's FOIA

requests. For purposes of this settlement, Public Citizen's FOIA requests include the requests underlying the instant litigation, as well as requests pending at the Secret Service for WAVES and ACR records of visits to the FOIA Components as of the date of settlement.

3. The parties understand and agree that the definition of Responsive Records in the foregoing paragraph does not necessarily mean that all appointments reflected in the Responsive Records represented visits to the FOIA Components. Rather, the Responsive Records will be presumed to be responsive solely because the requester's email address indicates that the requester is employed by a FOIA Component, subject to further review by the relevant component as described in paragraph 4 below.

4. The WHORM will distribute the Responsive Records to the component identified in the Caller_Email field for each respective component to review and process in accordance with FOIA. The components reserve their right to assert applicable FOIA exemptions and/or to assert that particular records are not subject to FOIA because on their face they reflect meetings with or other visits to components of the EOP subject to the Presidential Records Act. The FOIA Components will process under FOIA those 26 fields in the Responsive Records that were subject to the prior Administration's voluntary disclosure policy, which are set forth in Exhibit A. The redactions applied to the Responsive Records by the FOIA components, if any, will not be subject to litigation in this case or against the Secret Service.

5. The FOIA Components, other than OMB, will post the Responsive Records reflecting visits from January 20, 2017, to the date of execution of this Settlement Agreement to their respective FOIA online reading rooms within 90 days of execution of this Settlement Agreement. Beginning 60 days after the date of this Settlement Agreement, OMB will post its Responsive Records reflecting visits from January 20, 2017, to the date of this Settlement Agreement to its

FOIA online reading room, on a monthly basis, to be completed within 11 months of the date of this Settlement Agreement. OMB will make reasonable efforts to post documents at a uniform pace during the production period. By 5 months after this Settlement Agreement, OMB will have posted approximately 1/3 of the records. By 8 months, it will have posted approximately 2/3 of the records. Nothing in this paragraph shall prevent OMB from posting the records at a faster pace than set forth in this paragraph.

6. Public Citizen reserves the right to request under FOIA from the FOIA Components any Responsive Records that are redacted or withheld and to file actions against the FOIA Components challenging any such redactions or withholdings.

**Responsive WAVES and ACR Records from the Date of Settlement to the End of the Trump Administration.**

7. The Secret Service will continue its current practice of sending all WAVES and ACR records to the WHORM on a monthly basis. Within a week of receiving WAVES and ACR records, the WHORM will sort the records by the email address in the Caller_Email field and send Responsive Records to the FOIA Component indicated in the Caller_Email field. Each month, the FOIA Components will process the WAVES and ACR records received and, within a month of receiving the records, post them to their respective FOIA online reading rooms. The FOIA Components will process under FOIA those 26 fields set forth in Exhibit A. If the WAVES system is altered such that the names of the 26 fields are changed or the information contained in the 26 fields as of the time of this Settlement Agreement is moved to other fields, the FOIA Components will process the fields containing that information, as long as the WAVES system continues to contain that information.

8. Nothing in this agreement will prevent Public Citizen from requesting under FOIA any Responsive Records that the FOIA Components do not post or post only in redacted form or from filing actions against the FOIA Components challenging any such redactions or withholdings.

9. To ensure that the Caller_Email field will be the most accurate measure of which WAVES and ACR records reflect visits to the FOIA Components, the White House will make an additional change to the visitor approval system. That change will require that the requester for a visit to a FOIA component (*i.e.*, the official whose email address populates the Caller_Email field) must be from the same component as the person who initiates the visitor request in the program known as Appointment Center. In notifying EOP components of this change, the White House will instruct EOP that requesters should approve WAVES visits only if the visitor is visiting a person within the same component as the requester.

10. The requirement under this Agreement that the FOIA Components process and post their WAVES and ACR records as described herein will last until January 20, 2021, at which point this Agreement will expire. However, if, before January 20, 2021, EOP alters its email system such that email addresses of employees of the FOIA Components no longer indicate that the employee works for one of those components, or if, before January 20, 2021, the WAVES system is altered such that the Caller_Email field no longer automatically populates with the email address of the requester, the Agreement will expire at the time of that alteration. The day the Agreement expires is hereinafter referred to as the Expiration Date.

**Dismissal, Release, and Fees**

11. In consideration for the obligations agreed to above, within 3 business days after the execution of this Agreement, Public Citizen will file with the Court the Stipulation of Dismissal and Order attached as Exhibit B to this Settlement Agreement. The dismissal will be without

prejudice and will be effective upon the Court's entry of the Stipulation of Dismissal and Order on the docket as an order of the Court. This settlement agreement will not be attached to the Stipulation of Dismissal and Order.

12. After dismissal of this action, Public Citizen will not submit to Secret Service or cause to be submitted on its behalf to Secret Service further FOIA requests for copies of WAVES and ACR records documenting visits to the FOIA Components between January 20, 2017, and the Expiration Date.

13. Between the dismissal of this action and the Expiration Date, Public Citizen will not file any action challenging Secret Service's failure to respond to FOIA requests for WAVES and ACR records or Secret Service's practice of sending WAVES and ACR records to the WHORM.

14. The Parties' agreement to resolve this action by settlement does not constitute an admission with respect to the merits of the claims or defenses of any party.

15. Secret Service will pay to Public Citizen $35,000, in full satisfaction of any claim for attorney fees and costs incurred in connection with this action (the "Payment"), payable within 60 days of entry of the Stipulation of Dismissal and Order on the docket as an order of the Court. Upon notification that the Court has entered such an order on the docket, Public Citizen will provide payment information to Secret Service, which will promptly complete and transmit the documentation necessary to effectuate this Payment. The Payment will be made by an electronic funds transfer to Public Citizen, Inc. pursuant to instructions from Public Citizen's counsel. Public Citizen agrees that the Payment will constitute full and final settlement of all claims for fees, costs, and expenses in this action.

16. Upon receipt of such Payment, Public Citizen will be deemed to have released and forever discharged Secret Service and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all past, present, or future claims for fees, costs, or litigation expenses in connection with the above-captioned litigation.

17. Upon dismissal of this action, Public Citizen will be deemed to have released and forever discharged Secret Service and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all past, present, or future claims that arise out of the FOIA requests on which this action is based.

18. The individuals executing this Settlement Agreement do so as agents or attorneys of their respective entities and covenant and represent that they have complete authority to enter into and execute this Settlement Agreement on behalf of their respective principals. All terms, provisions, conditions, and covenants herein shall be binding and shall inure to the benefit of the respective successors and assigns of Public Citizen and Secret Service.

19. This Settlement Agreement, including the Exhibits, constitutes the entire agreement between Public Citizen and Secret Service, and supersedes any prior oral or written agreement between them regarding this subject matter. All representations, understandings, or agreements between Public Citizen and Secret Service relating to this subject are herein expressed.

20. In the event any issues arise regarding performance of this Settlement Agreement by the Secret Service, WHORM, or the FOIA Components, the parties will, through counsel,

make reasonable efforts to resolve those issues outside of court. In the event that such efforts fail, the Settlement Agreement will be void, except that Public Citizen will retain the fees paid to it under paragraph 15.

21. This Settlement Agreement shall be deemed fully executed and effective upon the signature and agreement of all parties to this Settlement Agreement.

22. This Settlement Agreement may be executed in counterparts, each of which shall constitute an original and all of which together shall be deemed to be one and the same document.

WHEREFORE, after having reviewed the terms and conditions of this Settlement Agreement, each of the Parties hereto, through its undersigned representative, hereby consents to and agrees to the terms and conditions of this Settlement Agreement.

Dated: Feb 13, 2018

Dated: Feb. 13, 2018

FOR PLAINTIFF:

ADINA H. ROSENBAUM
PATRICK D. LLEWELLYN

PUBLIC CITIZEN LITIGATION
GROUP
1600 20th Street NW
Washington, DC 20009
Tel: (202) 588-1000

FOR DEFENDANT:

ELIZABETH J. SHAPIRO
Deputy Director

UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20530
Tel: (202) 514-5302
Fax: (202) 616-8470
E-mail: elizabeth.shapiro@usdoj.gov

**Exhibit A**

Case 1:17-cv-02542-KPF   Document 58   Filed 02/20/18   Page 12 of 16

NAMELAST
NAMEFIRST
NAMEMID
UIN
BDGNBR
ACCESS_TYPE
TOA
POA
TOD
POD
APPT_MADE_DATE
APPT_START_DATE
APPT_END_DATE
APPT_CANCEL_DATE
Total_People
LAST_UPDATEDBY
POST
LastEntryDate
TERMINAL_SUFFIX
visitee_namelast
visitee_namefirst
MEETING_LOC
MEETING_ROOM
CALLER_NAME_LAST
CALLER_NAME_FIRST
Description

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN, INC., )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 1:17-1669 (CRC)
 )
UNITED STATES SECRET SERVICE, )
 )
        Defendant. )
 )

### STIPULATION OF DISMISSAL AND ORDER

Plaintiff Public Citizen, Inc. ("Public Citizen") and Defendant United States Secret Service ("Secret Service"), having resolved this case through a settlement agreement, agree and stipulate as follows:

1. This Stipulation of Dismissal and Order shall constitute dismissal of the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The dismissal of the action shall be effective upon the Court's entry of this Stipulation of Dismissal and Order on the docket as an order of the Court.

2. After dismissal of the action, Defendant shall pay to counsel for plaintiff a lump sum of $35,000 in attorney fees and costs. Plaintiff agrees that payment of this sum shall constitute full and final settlement of all claims by Plaintiff for fees, costs, and expenses against Defendant in this action.

3. The Court retains jurisdiction to enforce the provisions of this Stipulation of Dismissal and Order.

Dated: February __, 2018

/s/ *Adina H. Rosenbaum*
Adina H. Rosenbaum
(D.C. Bar No. 490928)
Patrick D. Llewellyn
(D.C. Bar No. 1033296)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Plaintiff*

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

/s/ *Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO (D.C. Bar 418925)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 6118
Washington, D.C. 20530
Tel: (202) 514-5302
Fax: (202) 616-8460
E-mail: elizabeth.shapiro@usdoj.gov

*Attorneys for Defendant*

SO ORDERED, this ___ day of ____, 2018

_____
UNITED STATES DISTRICT JUDGE