

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

February 27, 2018

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *Doyle et al. v. U.S. Department of Homeland Security*,
      No. 17 Civ. 2542 (KPF)

Dear Judge Failla:

  We write respectfully on behalf of defendants the Department of Homeland Security ("DHS") and the Executive Office of the President ("EOP") (collectively, the "government") in the above-referenced action to respond to plaintiffs' letter of February 20, 2018 (ECF No. 58, "CREW Ltr."), and to address the settlement achieved by the parties in *Public Citizen, Inc. v. Secret Service*, Civil Action No. 17-1669 (D.D.C.). Contrary to plaintiffs' suggestion that the settlement provides grounds to deny the pending motion for summary judgment and dismissal with respect to records reflecting visits to agency components of EOP,[1] the opposite is true.  The settlement in *Public Citizen* further supports the dismissal of Counts III and IV of the Amended Complaint, as well as Count I to the extent it addresses records reflecting visits to agency components. The government has no objection to the Court's taking judicial notice of the settlement.

---

[1] "Agency components" of EOP are those components of the EOP that are subject to the Federal Records Act ("FRA") and the Freedom of Information Act ("FOIA"), such as the Office of Management and Budget and the Council on Environmental Quality, among others.  Presidential components of EOP are those with the sole function of advising and assisting the President, that are subject to the Presidential Records Act ("PRA") and not subject to FOIA, such as the National Security Council and the White House Office.  *See, e.g.*, *Main St. Legal Servs., Inc. v. NSC*, 811 F.3d 542, 543-44, 568 (2d Cir. 2016); *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 216, 232-33 (D.C. Cir. 2013).

**The *Public Citizen* Settlement**

As an initial matter, plaintiffs' February 20, 2018 letter mischaracterizes the *Public Citizen* settlement.  The settlement does not concede any "critical facts," or indeed anything at all with respect to the merits of the Secret Service's arguments, either in *Public Citizen* or here.  That the WAVES records reflect the appointment requester's email address, including component, is an undisputed fact fully acknowledged in the pending summary judgment record.  *See* Declaration of William Willson (ECF No. 48) ¶ 9.  As the Secret Service has explained, however, the requester's identity does not necessarily show that a WAVES record reflects an EOP agency component visit.  *See id.*; Govt. Br. (ECF No. 51) at 24; Govt. Reply (ECF No. 55) at 13-14.  To settle the *Public Citizen* case, the parties agreed that the identity of the requester as being from a FOIA component of EOP "does *not* necessarily mean that all appointments reflected in the Responsive Records represented visits to the FOIA Components.  Rather, the Responsive Records will be *presumed* to be responsive solely because the requester's email address indicates that the requester is employed by a FOIA Component . . . ."  Settlement Agreement ¶ 3 (emphases added; copy attached to CREW Ltr.).

Moreover, plaintiffs critically misrepresent the main achievement of the *Public Citizen* settlement.  Contrary to plaintiffs' letter, *see* CREW Ltr. at 1, the Secret Service did not add functionality to its system, nor did the Secret Service agree to sort, process or post the responsive records.  Instead, the *White House* added functionality to the WAVES system, which the White House, and not the Secret Service, controls.  *See* Declaration of Charles Christopher Herndon (ECF No. 50) ¶¶ 8-9 & 2015 MOU (ECF No. 50-2) § 3.01.  Similarly, the Secret Service did not agree to process any records; rather, the *White House*, specifically the White House Office of Records Management, will sort the records monthly and distribute them by EOP agency component.  The EOP agency components will then process and post the records to their respective on-line FOIA reading rooms.  Consistent with the Secret Service's lack of control over the WAVES system, it plays no role in the production of records other than to continue its existing practice, consistent with its 2006 Memorandum of Understanding with the White House, of transferring the records each month to the White House Office of Records Management.  *See* Declaration of Philip C. Droege (ECF No. 49) ¶¶ 6, 8 & 2006 MOU (ECF No. 47-01) ¶ 22.  The *Public Citizen* settlement was possible because the parties worked cooperatively to achieve a solution that could not otherwise have been accomplished through litigation.

**Impact of the *Public Citizen* Settlement on This Case**

The status of WAVES records reflecting visits to agency components of EOP is a relatively small part of the present case and motion, which primarily focus on the status of visitor records to Presidential, non-agency components of EOP.  Nevertheless, the *Public Citizen* settlement impacts this case in that it moots Counts III and IV of the Amended Complaint in their entirety, and largely moots Count I insofar as plaintiffs here have requested records reflecting visits to agency components of EOP.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack,* 395 U.S. 486, 496

(1969); *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998) ("A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur.").  The issues in this case with respect to records reflecting visits to EOP's agency components are largely moot because the *Public Citizen* settlement provides all the relief that this Court could provide (and, indeed, more relief than this Court could provide).

Counts III and IV of the Amended Complaint allege wrongful treatment of agency records by EOP and the Secret Service under the FRA and PRA, insofar as the WAVES system does not distinguish between records of visits to Presidential components of EOP (which are not subject to FOIA) and records of visits to agency components of EOP (which are).  The *Public Citizen* settlement creates a mechanism for doing just that, thereby mooting Plaintiffs' FRA and PRA claims in their entirety.

Moreover, plaintiffs' FRA and PRA claims are entirely redundant of plaintiffs' FOIA claim (Count I) to the extent that claim concerns records reflecting visits to agency components of EOP.  And with respect to their FOIA claim, the settlement provides virtually all the relief that plaintiffs could achieve under FOIA, and more.  Were plaintiffs to prevail on this aspect of their FOIA claim, and were the Court to determine that the Secret Service was required to process WAVES records reflecting visits to EOP agency components (despite its inability, without the assistance of other components, to distinguish between records of visits to Presidential and agency EOP components), the Secret Service would need to refer the records to the EOP agency components with equities in the records to determine whether they are subject to disclosure.  *See* 6 C.F.R. § 5.4(d)(3) (DHS components, including Secret Service, "may refer the responsibility for responding to the request or portion of the request to the component or agency best able to determine whether to disclose the relevant records . . .").  Those components would then process their respective records for production.  Under the *Public Citizen* settlement, that same process is occurring, on an ongoing basis, with the records being publicly posted to FOIA on-line reading rooms.  In fact, the very same records requested by plaintiffs here with respect to visits to EOP agency components between January 20, 2017, and March 8, 2017, are being processed and posted pursuant to the *Public Citizen* settlement.

The only aspect of this part of Count I that is not moot is the possibility that plaintiffs may wish to challenge any redactions that the EOP agency components may apply to the records before posting.  It is unknown at this juncture, however, whether those agencies will apply any redactions, and if so, whether plaintiffs will object to them.  The government therefore respectfully suggests that the Court hold in abeyance this portion of the Count I, pending the processing and posting of the documents subject to plaintiffs' FOIA requests (which the agency components of EOP, other than OMB, have committed to post within 90 days of the date of the settlement, or by May 8, 2018).

In sum, the *Public Citizen* settlement is entirely consistent with the government's motion, and it provides additional grounds for dismissal of Counts III and IV, and part of

Count I.  The government is prepared to provide additional briefing addressing mootness or any other issue to the extent the Court believes that such briefing would be helpful.

Respectfully submitted,

CHAD A. READLER                         GEOFFREY S. BERMAN
Acting Assistant Attorney General       United States Attorney for the
                                        Southern District of New York


By:   _/s/ Elizabeth J. Shapiro_        By:   _/s/ Sarah S. Normand_
      ELIZABETH J. SHAPIRO                    SARAH S. NORMAND
      U.S. Department of Justice              CASEY KYUNG-SE LEE
      20 Massachusetts Ave., N.W.             86 Chambers Street, Third Floor
      Washington, D.C. 20530                  New York, New York 10007
      Telephone: (202) 514-5302              Telephone:  (212) 637-2709
      Facsimile: (202) 616-8470              Facsimile:  (212) 637-2730
      Elizabeth.Shapiro@usdoj.gov           Sarah.Normand@usdoj.gov
                                             Casey.Lee@usdoj.gov