CREW | citizens for responsibility and ethics in washington

March 2, 2018

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re: *Doyle et al. v. U.S. Department of Homeland Security, et al.*, No. 17-2542 (KPF)

Dear Judge Failla:

On February 20, 2018, Plaintiffs submitted a letter requesting that the Court take judicial notice of a recent settlement in *Public Citizen, Inc. v. U.S. Secret Service*, Civil No. 17-01669 (D.D.C.), which makes clear that Defendant Secret Service can distinguish between records of visits to agency components from records of visits to non-agency components.[1] Plaintiffs explained the relevance of this settlement to issues that were fully briefed by the parties to this litigation as of December 4, 2017. By letter dated February 27, 2018, Defendants have indicated that they have no objection to Plaintiffs' request that the Court take judicial notice of the settlement.[2]

Plaintiffs now write to state their opposition to two motions presented (in all but name) by Defendants in their February 27 letter: (1) a motion to hold Count I in abeyance until as late as May 8, 2018; and (2) a motion to dismiss Counts III and IV of the Amendment Complaint as moot.[3] Under the Court's Local Rule 7.1 and Rule 2.H of the Individual Rules of Practice in Civil Cases, these motions may not be presented in letter form. Defendants are of course entitled to ask for leave[4] from the Court to file a motion to hold Count I in abeyance or to supplement the dispositive motions it has already filed, and to submit their motions in compliance with the Federal Rules of Civil Procedure and this Court's Local Rules.

If and when Defendants' motions are properly presented to the Court, Plaintiffs will fully oppose them. For now, Plaintiffs briefly explain several reasons that the settlement quite

[1] Pls.' Letter to Judge Failla (Feb. 20, 2018), ECF No. 58.
[2] Defs.' Letter to Judge Failla (Feb. 27, 2018), ECF No. 59.
[3] Defs.' Letter at 2-4. Although the government offers to provide "additional briefing addressing mootness or any other issue," it does so only after briefing the Court at length on its mootness argument. *Id.* at 4.
[4] Leave is required in light of the scheduling order issued by the Court. *See* Order (Sept. 14, 2017), ECF No. 23 (establishing an October 27, 2017 deadline for Defendants "to file dispositive motions as to all claims, including motions under Rules 12 and 56").

455 Massachusetts Ave., N.W. Washington, DC 20001 | 202.408.5565 phone | 202.588.5020 fax | www.citizensforethics.org

obviously does not moot any portion of the Amended Complaint. First, the settlement agreement allows the government to cause it to "expire" in its sole discretion. According to the agreement, if the Executive Office of the President ("EOP") "alter[s] its email system such that email addresses of employees of the FOIA Components no longer indicate that the employee works for one of those components," the agreement will "expire."[5] That is particularly significant because the agreement does not bind the EOP, which is not a party in that case but is a party here. The agreement states that it will also "expire" if the White House alters the WAVES system such that the "Caller_Email" field no longer automatically populates with the email address of the requester. As the Court and the government are aware, voluntary cessation of illegal conduct does not moot a case unless "there is no reasonable expectation that the wrong will be repeated."[6] Here, the *Public Citizen* settlement provides no assurance that the wrong will not be repeated. Instead, it allows the government in its sole discretion to cause the prospective provisions of the agreement to "expire."

Second, the settlement agreement does not moot this case because it cannot resolve any challenges Plaintiffs may raise to the government's withholding of WAVES records. The *Public Citizen* settlement clarifies that the WAVES records at issue in this litigation can be sorted "by the requester's email address in the Caller_Email field."[7] That the EOP can distinguish between segregable records on this basis is an acknowledgement that Defendants are fully capable of conducting the FOIA search Plaintiffs sought. Until Defendants have in fact conducted that search, produced all documents responsive to Plaintiffs' requests, and resolved any challenges to exemptions they have claimed, the case and controversy is live.

Finally, the *Public Citizen* settlement cannot possibly moot Plaintiffs' claims regarding agency components of the EOP because it does not purport to cover all of the agency components of the EOP at issue here. The settlement defines "FOIA components" to mean the Office of Management and Budget, the Office of Science and Technology Policy, the Office of National Drug Control Policy, and the Council on Environmental Quality[8] but omits the Office of the United States Trade Representative (USTR), which is also an agency component of the EOP.[9] Plaintiffs' Amended Complaint specifies that USTR is an agency component of the EOP for the purposes of Plaintiffs' claims under the Freedom of Information Act and the Federal Records Act.[10]

---

[5] *Id.* at 5.

[6] *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953) (internal quotation and citation omitted). *See also United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 202 (1968) ("[T]he standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

[7] ECF 58, Ex. A.

[8] *Id.*

[9] *See* USTR Guide to the Freedom of Information Act, *available at* https://ustr.gov/about-us/reading-room/freedom-information-act-foia/ustr-guide-foia (accessed Feb. 28, 2018); *cf. Ctr. for Int'l Envtl. Law v. Office of U.S. Trade Representative*, 777 F. Supp. 2d 77 (D.D.C. 2011) (holding that records of the Office of the U.S. Trade Representative were not exempt from disclosure under the "national security exemption" of the Freedom of Information Act).

[10] Am. Compl. ¶ 9 (Sept. 15, 2017), ECF No. 32.

Plaintiffs will also oppose any further delay this litigation. The government's representations and actions in this case have provided Plaintiffs and the Court with no reason to trust that it will produce responsive documents by a deadline agreed to by the parties.[11] Plaintiffs see no reason to delay a decision on the motions before the Court based on promises that Defendant Secret Service has made to a third party in an agreement that can be terminated at any time by Defendant EOP and that does not, in any event, address all the claims or EOP components at issue here.

Respectfully,

/s/ *Anne L. Weismann*

Anne L. Weismann
Conor Shaw
455 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 408-5565
aweismann@citizensforethics.org

Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
Columbia University
475 Riverside Drive, Suite 302
New York, New York 10115
(646) 745-8500
alex.abdo@knightcolumbia.org

cc: Sarah S. Normand (via electronic email)
Elizabeth J. Shapiro (via electronic email)
Brad P. Rosenberg (via electronic email)

[11] *See* Pls.' Mot. for Defs. to Show Cause (Sept. 20, 2017), ECF No. 33.